IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 2 2005

LUTHER D. THOMAS, Clerk
By:
              Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| | : | |
| | : | |
| v. | : | NO.  1:04-CR-232(S)-BBM |
| | : | |
| MAI LE, | : | |
| HONG TIEU, | : | |
| LINH TRAN, | : | |
| AN T. CHAU, | : | |
| HOANG NGUYEN, | : | |
| HAO NGUYEN, | : | |
| TERRI NGUYEN, | : | |
| JENNY NGUYEN, | : | |
| NHUNG NGUYEN, | : | |
| THAI NINH LE, | : | |
| LIEU HO, | : | |
| PHOUNG THE TRUONG, | : | |
| HAU THANH HAU NGO, and | : | |
| CUC BACH THI NGUYEN, | : | |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

Beginning on a date unknown to the Grand Jury and continuing

at least until on or about March 31, 2004, in the Northern

District of Georgia and elsewhere, the defendants, MAI LE, HONG

TIEU, LINH TRAN, AN T. CHAU, HOANG NGUYEN, HAO NGUYEN, TERRI

NGUYEN, JENNY NGUYEN, NHUNG NGUYEN, THAI NINH LE, LIEU HO, PHOUNG THE TRUONG, HAU THANH HAU NGO, and CUC BACH THI NGUYEN, together with others unindicted herein, did knowingly, and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and other persons known and unknown to the Grand Jury, to commit violations of the law of the United States of America under Title 18, United States Code, Sections 1956 and 1957, as follows:

(a)  To conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, monies generated by the sale and distribution of controlled substances punishable under the laws of the United States of America,

(1) with the intent to promote the carrying on of such specified unlawful activity; and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of

2

some form of unlawful activity; and (3) knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, §1956(a)(1); and,

(b) knowingly to engage, attempt to engage and cause and aid and abet others in engaging in monetary transactions effecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, in violation of Title 18, United States Code, §1957.

<u>Ways, Manners and Means of the Conspiracy</u>

The purpose of the conspiracy was to acquire, transfer and transmit monies derived by dealers in controlled substances from the sale of controlled substances to other persons and places through the use of wire transfers by financial institutions.

1.   It was part of the conspiracy that the defendants and their co-conspirators would and did engage in financial transactions to

3

launder monetary instruments that represented the proceeds of specified unlawful activity.

2.  It was further part of the conspiracy that the defendants and their co-conspirators did wire and cause to be wired sums of money through wire remitters and financial institutions, said money being the proceeds of a specified unlawful activity, to wit: monies generated by the sale of controlled substances.

3.  It was further part of the conspiracy that the defendants did accept large amounts of currency from their co-conspirators and said currency was counted and wire transfers issued in various denominations and amounts.

4.  It was further part of the conspiracy that the defendants often structured the amounts of the wire transfers, which represented proceeds of the aforementioned specified unlawful activity, in amounts of under $10,000 in order to avoid the reporting requirements under Title 31, United States Code, §5313 and the regulations promulgated there under.  All in violation of Title 18, United States Code, §1956(h).

## COUNT TWO

On or about August 4, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $25,500 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $7,600, $8,100, and $9,800.   All in violation of Title 31, United States Code, Section 5324 (a)(3).

## COUNT THREE

On or about August 11, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the

defendant HAO NGUYEN deposited $29,340 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $9,720, $9,820, and $9,800.   All in violation of Title 31, United States Code, Section 5324(a)(3).

<u>COUNT FOUR</u>

On or about August 18, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $37,700 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $8,600, $9,545, $9,860, and $9,695.   All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT FIVE

On or about August 25, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $28,890 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $9,540, $9,700, and $9,650.   All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT SIX

On or about August 28, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $28,775 into Global Commerce Bank,

a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $9,480, $9,655, and $9,640.   All in violation of Title 31, United States Code, Section 5324(a)(3).

COUNT SEVEN

On or about September 8, 2003, in the Northern Judicial District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $23,410 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $6,000, $7,760, and $9,650.   All in violation of Title 31, United States Code, Section 5324(a)(3).

COUNT EIGHT

On or about September 15, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a)

8

of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $29,285 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $9,705, $9,820, and $9,760.   All in violation of Title 31, United States Code, Section 5324(a)(3).

<u>COUNT NINE</u>

On or about September 29, 2003, in the Northern Judicial District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $26,960 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $8,700, $8,500, and $9,760.   All in violation of Title 31, United States Code, Section 5324(a)(3).

COUNT TEN

On or about October 14, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $25,000 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $6,000, $9,800, and $9,200.   All in violation of Title 31, United States Code, Section 5324(a)(3).

COUNT ELEVEN

On or about January 12, 2004, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the

defendant HAO NGUYEN deposited $22,350 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $2,700, $9,850, and $9,800.   All in violation of Title 31, United States Code, Section 5324(a)(3).

COUNT TWELVE

On or about March 24, 2004, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transaction with a domestic financial institution to wit: the defendant HAO NGUYEN deposited $25,800 into Global Commerce Bank, a federally regulated financial institution, through a series of deposits made in the same day all in amounts less than $10,000, specifically $6,300, $9,700, and $9,800.   All in violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT THIRTEEN

On or about January 2, 2004, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $42,000 from Global Commerce Bank, Doraville, Georgia, Account Number 13045 to Orient Commercial Joint Stocks Bank, Ho Chi Minh City, Vietnam, Account Number 000136093, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT FOURTEEN

On or about January 20, 2004, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $43,000 from Global Commerce Bank, Doraville, Georgia, Account Number 13045 to Orient Commercial Joint Stocks Bank, Ho Chi Minh City, Vietnam, Account Number 000136093, said sum being proceeds from

the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT FIFTEEN

On or about March 22, 2004, in the Northern District of Georgia, the defendant HAO NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $41,500 from Global Commerce Bank, Doraville, Georgia, Account Number 13045 to Orient Commercial Joint Stocks Bank, Ho Chi Minh City, Vietnam, Account Number 000136093, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT SIXTEEN

On or about September 15, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $60,000 from Global Commerce Bank, Doraville, Georgia, Account Number

10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

### COUNT SEVENTEEN

On or about September 15, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $40,120 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

### COUNT EIGHTEEN

On or about September 18, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, MAI LE, and HONG TIEU did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived

property that was of a value greater than $10,000 to wit: the wire transfer of $120,360 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

<u>COUNT NINETEEN</u>

On or about September 19, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $40,120 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

<u>COUNT TWENTY</u>

On or about September 23, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and

attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $120,360 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

COUNT TWENTY-ONE

On or about September 25, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $65,195 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY-TWO

On or about September 30, 2003, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $60,180 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY-THREE

On or about December 2, 2003, in the Northern District of Georgia, the defendant AN T. CHAU and MAI LE, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $120,360 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds

17

from the sale of controlled substances.    All in violation of Title 18, United States Code, Section 1957.

<u>COUNT TWENTY-FOUR</u>

On or about December 15, 2003, in the Northern District of Georgia, the defendant AN T. CHAU and MAI LE, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $150,450 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.    All in violation of Title 18, United States Code, Section 1957.

<u>COUNT TWENTY-FIVE</u>

On or about December 17, 2003, in the Northern District of Georgia, the defendant AN T. CHAU and MAI LE, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $85,255 from Global Commerce Bank, Doraville,

Georgia, 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

### COUNT TWENTY-SIX

On or about January 12, 2004, in the Northern District of Georgia, the defendant AN T. CHAU and HOANG NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $200,600 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

### COUNT TWENTY-SEVEN

On or about February 26, 2004, in the Northern District of Georgia, the defendant AN T. CHAU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a

value greater than $10,000 to wit: the wire transfer of $90,180 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

COUNT TWENTY-EIGHT

On or about March 26, 2004, in the Northern District of Georgia, the defendants AN T. CHAU, MAI LE and HONG TIEU, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $70,140 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to V.P. Bank, Ho Chi Minh City, Vietnam, Account Number 890-0418-893, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY-NINE

On or about August 5, 2003, in the Northern District of Georgia, the defendant CUC BACH THI NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $20,000.00 from HO Express, Atlanta, Georgia, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY

On or about August 7 2003, in the Northern District of Georgia, the defendant CUC BACH THI NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $20,000.00 from HO Express, Atlanta, Georgia, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-ONE

On or about August 21, 2003, in the Northern District of Georgia, the defendant CUC BACH THI NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $20,000.00 from Global Commerce Bank, Doraville, Georgia, Account Number 13045 to Vietcom Bank, Da Nang City, Vietnam, Account Number BFTVVNVX004, said sum being proceeds from the sale of controlled substances. All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-TWO

On or about August 21, 2003, in the Northern District of Georgia, the defendant CUC BACH THI NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $20,000.00 RBC Centura Bank, Atlanta, Georgia, Account Number 6030003779, said sum being proceeds from the sale of controlled substances. This offense being different than that

mentioned in Count Thirty-One.  All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-THREE

On or about August 27, 2003, in the Northern District of Georgia, the defendant CUC BACH THI NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $40,000.00 from HO Express, Atlanta, Georgia, said sum being proceeds from the sale of controlled substances.  All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-FOUR

On or about December 22, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN and HOANG NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $18,000 from Global Commerce Bank, Doraville, Georgia Account Number 13045 to Orient Commercial Joint Stock Bank, Ho Chi Minh City, Vietnam, Account Number 000136093, said sum being

proceeds from the sale of controlled substances. All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-FIVE

On or about December 24, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN and HOANG NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $27,000 from Global Commerce Bank, Doraville, Georgia, Account Number 10611 to Orient Commercial Joint Stock Bank, Ho Chi Minh City, Vietnam, said sum being proceeds from the sale of controlled substances. All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY-SIX

On or about December 26, 2003, in the Northern District of Georgia, the defendant HAO NGUYEN and HOANG NGUYEN, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000 to wit: the wire transfer of $15,000 from Global Commerce Bank, Doraville, Georgia

Account Number 10611 to Orient Commercial Joint Stock Bank, Ho Chi Minh City, Account Number 000136093, said sum being proceeds from the sale of controlled substances.   All in violation of Title 18, United States Code, Section 1957.

FORFEITURE PROVISION

1.   Upon conviction of the offenses alleged in Counts One and Counts Thirteen through Thirty-Six of this Indictment, defendants MAI LE, HONG TIEU, LINH TRAN, AN T. CHAU, HOANG NGUYEN, HAO NGUYEN, TERRI NGUYEN, JENNY NGUYEN, NHUNG NGUYEN, THAI NINH LE, LIEU HO, PHOUNG THE TRUONG, HAU THANH HAU NGO, and CUC BACH THI NGUYEN, shall forfeit to the United States, pursuant to 18 U.S.C. 982(a)(1), all right, title, and interest in all property, real or personal involved in each offense, and all property traceable to such property for each offense for which the defendant is convicted, including the following:   (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 or 1957 (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations, and (3) all property used in any manner or part to commit or to

facilitate the commission of those violations. Such property includes but is not limited to the following:

   a.   A sum of money equal to the value of the property involved in the violation charged in Count One of this Indictment, for which the defendants are jointly and severally liable;

   b.   A sum of money equal to the value of the property involved in the violations charged in Counts Thirteen through Thirty-Six of this Indictment;

   c.   One silver 2001 Mercedes Benz, VIN WDBNG75J71A155151;

   d.   $27,033.96 seized from RBC Centura Bank account number XXXXXX3779;

   e.   $42,188.00 in United States Currency seized on March 31, 2004, at 2724 Eaton Place, Atlanta, Georgia;

   f.   $105,138.00 in United States Currency seized on June 29, 2003, at a rest area off of interstate 85 northbound in Suwanee, Georgia;

   g.   One black 2002 Mercedes S500, VIN WDBNG75J02A311175;

   h.   One teal 2002 Mercedes S500, VIN WDBNG75J32A276826;

i.    5150 Buford Highway, Suite 230, Doraville, Georgia, and all buildings and appurtenances thereon;

j.    3229 Arbor Ridge Atlanta, DeKalb County, Georgia, and all buildings and appurtenances thereon;

k.    $73,960.00 in United States Currency seized from 5150 Buford Highway, Suite 230,Doraville, Georgia, on March 31, 2004;

l.    One silver 2002 Lexus RX 300, VIN JTJGF1OU520146867;

m.    One Norinco MAK 90 Sporter Assault Rifle serial number 9413570 seized from 5150 Buford Highway, Suite 230, Doraville, Georgia, on March 31, 2004;

n.    $3,758.00 in United States Currency seized from Nhung Nguyen on March 31, 2004;

o.    2337 Hunt Crest Way, Gwinnett County, Lawrenceville, Georgia, and all buildings and appurtenances thereon;

p.    One blue 2004 Lexus RX 330, VIN JTJGA31U740010090;

q.    One silver 2003 Infiniti G35 Coupe, VIN JNKCV54E93M226003;

r.    All assets contained in Scottrade account number XXXXX3086;

29

s.   $5,650.32 seized from Bank of America account number XXXXXXX6056;

t.   $4,141.78 seized from Bank of America Account number XXXXXXXX7187;

u.   $11,789.05 seized from Wachovia money market account number XXXXXXXXX6390;

v.   $50,000.00 in United States Currency seized on April 1, 2004, from safe deposit box 114 at Bank of America at 2724 Meadow Church Road, Duluth, Georgia;

w.   Assorted jewelry seized on April 1, 2004, from safe deposit box 114 at Bank of America, 2724 Meadow Church Road, Duluth, Georgia;

x.   Assorted jewelry seized from 2337 Huntcrest Way, Lawrenceville, Gwinnett County, Lawrenceville, Georgia on March 31, 2004;

y.   $40,282.00 in United States Currency seized on March 31, 2004, from 2337 Huntcrest Way, Lawrenceville, Georgia;

z.   One Hewlett Packard Pavilion ZE4600 laptop computer model number ZE4600 serial number NF4022RBN seized from

2337 Huntcrest Way, Lawrenceville, Georgia on March 31, 2004;

aa. One Beretta model 85F 9 mm handgun serial number F27712Y seized on March 31, 2004;

bb. Ngoc Loan Jewelry & Diamonds check number 339 dated December 2, 2003, drawn on Colonial Bank account number XXXXXX4830 in the amount of $5,000.00, showing no payee;

cc. Ngoc Loan Jewelry & Diamonds check number 340 dated December 4, 2003, drawn on Colonial Bank account number XXXXXX4830 in the amount of $5,000.00 showing no payee; and

dd. One 2000 Mercedes ML320, Georgia Tag 9122ASB, VIN 4JGAB54E4YA181624.

2. Additionally, upon conviction of the offenses alleged in Counts Two through Fifteen this Indictment, HAO NGUYEN shall forfeit to the United States pursuant to 31 U.S.C. § 5317(c)(1) all property, real or personal, involved in the offense, and any property traceable thereto, including but not limited to the following:

a.    A sum of money equal to the value of the property involved in each offense charged in Counts Two through Fifteen;

b.    $27,033.96 seized from RBC Centura Bank account number XXXXXX3779; and

c.    $42,188.00 in United States Currency seized on March 31, 2004, at 2724 Eaton Place, Atlanta, Georgia.

3. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

32

Section 982 (b) and Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ TRUE _____ BILL

FOREPERSON


DAVID E. NAHMIAS
UNITED STATES ATTORNEY


STEPHANIE GABAY-SMITH
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6200
Georgia Bar No. 66351